# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Johnny Thomerson, | Civil Action No. 2:18-cv-1571-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Richard DeVito and Samuel Mullinax, both individually and as Liquidating Shareholder Trustees of Lenco Marine, | |
| Defendants. | |

This matter is before the Court on Defendants Richard DeVito and Samuel Mullinax's motion for summary judgment. (Dkt. No. 28).[1] For the reasons set forth below, the Court denies Defendants' motion.

## I.     Background

This matter concerns Defendants' alleged failure to provide Plaintiff with a three percent ownership stake in Lenco Marine, a manufacturer of boat products.[2]

---

[1] By previous order the Court granted in part and denied in part Defendants' motion for summary judgment. (Dkt. No. 45). Defendants' motion was granted as to Plaintiff's Counts One, Three, Four, Five, and Six. Defendants' motion was denied without prejudice as to Count Two—the subject of the instant order. On April 2, 2019, the Court certified a question of law to the Supreme Court of South Carolina, (Dkt. No. 46), and stayed this matter pending the certified question's resolution, (Dkt. No. 48). On May 27, 2020, the Supreme Court of South Carolina issued an opinion responding to the Court's certified question. *Thomerson v. DeVito*, No. 2019-000552, 2020 WL 274557 (S.C. May 27, 2020).

[2] The Court incorporates by reference the facts of this case as described in its *Order and Opinion*, No. 2:18-cv-1571-RMG, 2019 WL 1472580, at *1-2 (D.S.C. April 2, 2019) (Dkt. No. 45).

-23-

**II.     Legal Standard**

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

**III.     Discussion**

Defendants move for summary judgment on the basis that Plaintiff's Count Two for promissory estoppel is untimely per S.C. Code Ann. § 15-3-530. (Dkt. No. 28). Section 15-3-530 states that actions "upon a contract, obligation, or liability, express or implied" or actions for "any injury to the person or rights of another, not arising on contract and not enumerated by law" must be brought within three years of the date on which they were discovered. *See* § 15-3-350(1), (5); *True v. Monteith*, 327 S.C. 116, 489 S.E.2d 615, 616 (1997) (noting that under "the discovery rule, the statute of limitations begins to run from the date the injured party either knows or should know, by the exercise of reasonable diligence, that a cause of action exists for the wrongful conduct"). Plaintiff contends § 15-3-350 does not apply to claims for promissory estoppel.

Previously, this Court granted in part and denied in part Defendants' motion for summary judgment. (Dkt. No. 45). The Court dismissed all of Plaintiff's claims as untimely per § 15-3-530 except for Plaintiff's promissory estoppel claim. The Court denied without prejudice Defendants' motion as to Plaintiff's promissory estoppel claim on the basis that South Carolina case law did not definitively establish whether § 15-3-530 applied to claims for promissory estoppel.

The Court certified the following question to the Supreme Court of South Carolina:
Does the three-year statute of limitations of S.C. Code Ann. § 15-3-530 apply to claims for promissory estoppel?

(Dkt. No. 46). The Supreme Court answered the certified question, "The statute of limitations in S.C. Code Ann. § 15-3-530 does not apply to a claim for promissory estoppel." *Thomerson v. DeVito*, No. 2019-000552, 2020 WL 274557, at *8 (S.C. 2020). Accordingly, Plaintiff's promissory estoppel claim is not time-barred under § 15-3-530.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendants Richard DeVito and Samuel Mullinax's motion for summary judgment as to Plaintiff's claim of promissory estoppel (Dkt. No. 28).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>United States District Court Judge

July 7, 2020
Charleston, South Carolina